UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

APR - 7 2008
J. T. NOBLIN, CLERK
BY_____ DEPUTY

| | | |
|---|---|---|
| THAD F. WAITES | ) | |
| **Plaintiffs** | ) | |
| VS. | ) | CIVIL ACTION NO: 3:08cv223751-JCS |
| | ) | |
| PFIZER, INC. | ) | |
| **Defendant** | ) | |

### JURY TRIAL DEMANDED

### ORIGINAL COMPLAINT

**COMES NOW**, Thad F. Waites, Plaintiff, and by and through undersigned counsel, files this Original Complaint against Pfizer, Inc., and would show as follows:

### PRELIMINARY STATEMENT

1. This is a civil proceeding brought by Plaintiff to recover damages for injuries arising from Plaintiff's purchase and use of the prescription drug BEXTRA® (valdecoxib).

2. BEXTRA® was researched, created, formulated, tested, developed, designed, licensed, assembled, compounded, manufactured, marketed, promoted, advertised, distributed, labeled, detailed, packaged and/or sold by Defendant as more fully detailed herein below.

3. BEXTRA® was defective and unreasonably dangerous in that it posed a serious danger of life-threatening injury to the Plaintiff and other Mississippi residents.

4. Unaware of the danger posed by BEXTRA®, Plaintiff ingested BEXTRA® and suffered severe cardiac injury, which required him to undergo coronary artery bypass graft surgery in order to save his life.

1

## I.
## STATEMENT OF THE PARTIES

5. Plaintiff, Thad F. Waites ("Waites") is an adult resident and citizen of the State of Mississippi.

6. Defendant, Pfizer, Inc., ("Pfizer") is a Delaware corporation with its principal place of business in New York, New York, and may be served with process upon its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. At all times relevant herein, Pfizer was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including the prescription medication known as BEXTRA®. Pfizer does business by agent in this district and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed BEXTRA® in this district.

## II.
## VENUE AND JURISDICTION

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391(a) and (c). A substantial part of the counts giving rise to this claim occurred in this district.

8. Personal jurisdiction is appropriate in this Court as to Defendant, as Defendant has done business in this jurisdiction, either directly or by agent, and has thus availed itself of this jurisdiction.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.
## FACTUAL ALLEGATIONS

10. This is an action arising out of injuries and damages sustained by Plaintiff resulting from Plaintiff's use of BEXTRA®, manufactured and sold by Defendant, including medical bills, lost wages and pain and suffering.

11. Pfizer is in the business of designing, manufactured, marketing, developing, testing, labeling, promoting, distributing, warranting and selling of its product, BEXTRA®. Defendant, at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold BEXTRA® in Mississippi.

12. Plaintiff ingested BEXTRA® as prescribed and as a result thereof, suffered injuries and damages.

13. At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drugs as set forth herein.

14. The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by Defendant as BEXTRA®.

15. BEXTRA® is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDS") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on November 16, 2001, for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults and painful menstrual cycles.

16. In November, 2004, a Bextra cardiovascular study found that participants taking Bextra were more than three times likely to suffer a heart attack, blood clot, stroke, or other

adverse cardiovascular or thromboembolic event than participants in the control group. After the release of these results, consumer groups and scientific experts started to urge the Defendant to recall Bextra. However, the Defendant continually maintained that Bextra was safe and that these results did not warrant a recall.

17. In response to the risks associated with Bextra use, the FDA requested stronger warnings be added to Bextra labeling. However, the Defendant declined to cooperate with this FDA request for more than two years.

18. On April 7, 2005 the FDA finally ordered Pfizer to issue a Bextra recall after regulators concluded that the potentially fatal risks associated with Bextra far outweighed its intended benefits.

19. Pfizer's efforts to market and promote BEXTRA® was designed to vastly increase demand for these drugs and were performed by unlawful means including, but not limited to:

    a) Suppressing data that showed increased risk of adverse cardiovascular events associated with the use of these drugs;

    b) Manipulating data to show fewer gastrointestinal adverse events in patients taking the drugs, when in fact the opposite was true;

    c) Manipulating data to show superior efficacy of the drugs over other NSAIDs when this was not the case; and

    d) Creating and distributing patently false promotional materials to physicians and consumers.

4

20. Had the Defendant disclosed the risks and dangers associated with BEXTRA®, Plaintiff would not have taken this drug and been subject to its dangerous side effects.

21. Defendant's representations that BEXTRA® was safer than traditional NSAIDs was false, and despite its marketing and promotion as a safer alternative to traditional NSAIDs, BEXTRA® also posed a risk of ulcers and gastrointestinal side effects. Moreover, BEXTRA® produced a high rate of cardiovascular events, including heart attacks and strokes, and Defendant intentionally failed to disclose the level of risk of cardiovascular events caused by the drugs.

22. The damages sought herein are the direct and proximate result of Defendant's wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing BEXTRA®.

23. Plaintiff was taking BEXTRA® for a significant period of time prior to suffering cardiac injury which required him to undergo coronary artery bypass graft surgery in February, 2003, and his injury and damages sustained were a direct and proximate result of his ingestion of BEXTRA®.

## IV.

## CAUSES OF ACTION

### COUNT I: STRICT LIABILITY.

24. Plaintiff re- alleges all prior paragraphs of this Complaint as if fully set out herein.

25. BEXTRA® as designed, manufactured, sold and/or supplied by the Defendant was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

26. Further, BEXTRA® as designed, manufactured, distributed, sold and/or supplied Defendant was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

27. Further, BEXTRA® as designed, manufactured, distributed, sold and/or supplied by Defendant was defective due to inadequate testing.

28. Additionally, Defendant failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from BEXTRA®. The defective nature of this product is a contributing cause of Plaintiff's injuries and damages.

## COUNT II: NEGLIGENCE

29. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set out herein.

30. Defendant had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of BEXTRA® into the stream of commerce. Defendant failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/ or distribution of BEXTRA® into the stream of commerce. Defendant know or should have known that BEXTRA® created an unreasonable risk of bodily harm, including the risk of death.

31. Despite the fact that the Defendant knew or should have known that BEXTRA® caused unreasonably dangerous side effects which many users would be unable to remedy by any means, the Defendant continued to market BEXTRA® to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

32. Defendant knew or should have known that consumers such as the Plaintiff would foreseeably suffer injury or death as a result of the Defendant's failure to exercise ordinary care

as described herein. Defendant's negligence was a contributing cause of Plaintiff's injuries and damages.

### COUNT III: BREACH OF EXPRESS WARRANTIES.

33. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set out herein.

34. Defendant made express representations to Plaintiff relative to its product, BEXTRA®.

35. Defendant, through their detail sales representatives, made representations regarding the safety and efficacy of its product, BEXTRA®.

36. BEXTRA® does not conform to the express representations made to the Plaintiff or his physicians.

37. BEXTRA® does not conform to the express representations made by the Defendant's agents/sales representatives.

38. Defendant's conduct in this matter was a contributing cause of injuries and damages suffered by Plaintiff.

### COUNT IV: BREACH OF IMPLIED WARRANTY

39. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set out herein.

40. At the time Defendant marketed, sold and distributed BEXTRA® for use by the general consuming public, including Plaintiff, the Defendant knew of the use for which BEXTRA® was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

41. Plaintiff reasonably relied upon the skill and judgment of the Defendant as to whether BEXTRA® was of merchantable quality, and safe and fit for its intended use.

42. Contrary to such implied warranty, BEXTRA® was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was intended and used.

43. Defendant's conduct in this regard was the contributing cause of Plaintiff's injuries and damages.

### COUNT V: MISREPRESENTATIONS

44. Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set out herein.

45. Defendant negligently, recklessly, intentionally and fraudulently made material misrepresentations that BEXTRA® was safe and effective. Defendant represented BEXTRA® as safe so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product.

46. Prior to and following the introduction of BEXTRA® into the market as a prescription medication, Defendant set in motion a campaign to market its product. Defendant's representations made concerning BEXTRA® as a safe and effective drug were made so that Plaintiff and the general consuming public would rely on said representations and take this drug. In fact, Plaintiff did rely on representations in this regard.

47. At the time Defendant made these representations, it was aware that these representations were false and/or made these representations with reckless disregard to their truth. As a result of Defendant's fraud and misrepresentation, Plaintiff suffered injuries and damages.

## IV.
## DAMAGES

48. Upon the trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a direct and proximate result of Defendant's conduct individually, separately, and in concert. Plaintiff will respectfully request the Court and jury to determine the amount of loss he has suffered and incurred, in the past and in the future, not only from a financial standpoint, but also in terms of good faith and freedom from pain and worry. Plaintiff's damages include all actual damages, including economic and non-economic loss, mental anguish (past and future), physical disfigurement and pain and suffering (past and future) and lost income/earning capacity (past and future).

49. At all times relevant hereto, Defendant actually knew of the defective nature of their product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product. Defendant's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiffs's individual rights. The conduct satisfies the standards for punitive damages as allowed under applicable law. The Plaintiff, therefore, is entitled to punitive damages from the Defendant.

## V.
## JURY DEMAND

50. Plaintiff hereby requests a trial by jury on all issues in this case.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant be cited to appear and answer and, upon final trial by jury, Plaintiff recovers all damages allowable

by law, including actual, economic, non-economic, compensatory, special and punitive, from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rates, and that Plaintiff has such other and further relief, both general and special, at law and in equity, to which he may be justly entitled under the facts and attending circumstances.

Respectfully submitted,

BOSSIER & ASSOCIATES, PLLC

By: _____  w/ permission by
Sheila M. Bossier (MSB # 10618)
PLAINTIFF'S ATTORNEY

OF COUNSEL:

Sheila M. Bossier (MSB # 10618)
BOSSIER & ASSOCIATES, PLLC
1520 North State Street
Jackson, MS 39202
Telephone: (601) 352-5450
Facsimile: (601) 352-5452

%JS 44 (Rev. 11/04)                                         CIVIL COVER SHEET                    3:08cv225TSL-JCS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thad F. Waites

**DEFENDANTS**
Pfizer, Inc.

(b) County of Residence of First Listed Plaintiff  **Forrest**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **New York**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR - 7 2008

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bossier & Associates, PLLC, 1520 N. State St., Jackson, MS 39202

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C Section 1391

Brief description of cause:
personal injury as a result of ingestion of drug Bextra

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
04/07/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT  350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

J024664